IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID LINK, an individual, on behalf of himself and others similarly situated,** 593 North Scrubgrass Rd. Claysburg, PA 16625<br><br>Plaintiff,<br><br>vs.<br><br>**EUSTIS CABLE ENTERPRISES, LTD.,** c/o Corporation Service Company 50 West Broad Street Suite 1330 Columbus, OH 43215<br><br>Defendant. | CASE NO. 1:17-cv-2204<br><br>JUDGE<br><br>**COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Now comes Plaintiff, David Link, by and through counsel, for his Collective Action Complaint against Defendant Eustis Cable Enterprises, Ltd. ("Defendant" or "Eustis"), and states and alleges as follows:

### INTRODUCTION

1. This is a "collective action" brought by Plaintiff, individually and as a putative representative for a collective action, against Defendant as a result of Defendant's practice and policy of not paying Plaintiff and other similarly situated non-exempt employees overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

## PARTIES

4. Plaintiff is an adult individual residing in Claysburg, Pennsylvania. At all relevant times, Plaintiff worked out of Defendant's Bedford Heights, Ohio, office.

5. Defendant is a foreign corporation that is registered to do business in Ohio. Pursuant to records maintained by the Ohio Secretary of State, Defendant's principal place of business is in Vermont. Defendant's statutory agent for service of process is Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

6. Defendant offers various services relating to constructing communications systems including design and engineering, aerial and underground construction of communication networks, pole setting and removal, site work, and tower construction. Defendant has locations throughout the United States and elsewhere.

7. At all times relevant, Defendant maintained a place of business in Bedford Heights, Ohio and transacted business throughout Northeast Ohio.

8. At all relevant times, Plaintiff performed work for Defendant in this District and Division.

## FACTS

9. At all times relevant, Plaintiff was a non-exempt employee of Defendant within the meaning of 29 U.S.C. § 203(e).

10. During all times relevant, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Plaintiff and the Putative Collective Class were non-exempt employees engaged in commerce within the meaning of 29 U.S.C. §§ 206-207 and subject to individual coverage of the FLSA.

13. Plaintiff worked for Defendant as a groundsman. As a groundsman, Plaintiff would install cable and perform all the tasks associated with that job.

14. During his employment with Defendant, Plaintiff, like the Putative Collective Class, frequently worked hours in excess of 40 in a workweek. Indeed, Plaintiff averaged 60 to 70 hours per week.

15. Plaintiff and the Putative Collective Class were not paid an hourly rate. Instead, they were paid by the job. They were not paid an overtime premium for hours worked over 40 in a workweek.

16. The identity of all members of the Putative Collective Class is unknown to Plaintiff at this time, but is known to Defendant and is set forth in Defendant's records. Plaintiff is entitled to review these records and identify the other putative plaintiffs who have a right to join this collective action.

17. The exact amount of compensation that Defendant has failed to pay the Plaintiff and other similarly situated, non-exempt employees is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

18. The FLSA and the Ohio Constitution require employers to make, keep, and preserve records of wages, hours, and other conditions and practices of employment, and to preserve such

records. Plaintiff is entitled to review such records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff and the Putative Collective Class members are entitled to submit their information about the number of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct. Plaintiff's Consent to Join this action pursuant to 29 U.S. C. § 216(b) is attached hereto as **Exhibit A**.

21. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former non-exempt employees who were employed by Defendant between October 18, 2014, and the present and who were not paid an overtime premium for hours worked in excess of forty (40) per workweek.

22. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 persons.

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former non-exempt employees are similarly situated with regard to their claims for unpaid wages and

4

damages. Plaintiff is representative of those other non-exempt employees and is acting on behalf of their interests as well as his own in bringing this action.

24. These similarly-situated non-exempt employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Defendant is an employer covered by the overtime requirements set forth in the FLSA.

27. As non-exempt employees for Defendant, Plaintiff and the Putative Collective Class work or worked in excess of the maximum weekly hours permitted under the FLSA but were not paid an overtime premium for all hours worked over 40 during a workweek.

28. Plaintiff does not qualify for an exemption from the overtime obligations imposed by the FLSA.

29. Defendant's practice and policy of not paying Plaintiff and the Putative Collective Class at the rate of one and one-half times their regular rate of pay for all hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 20-219.

30. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and the Putative Collective Class violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

31. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

32. As a result of Defendant's practices and policies, Plaintiff and the Putative Collective Class have been damaged in that they have not receive the overtime compensation due to them pursuant to the FLSA. 29 U.S.C. 29 § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages. Section 216(b) further provides that "[t]he court shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt-in;

B. Award compensatory damages to Plaintiff and the Putative Collective Class in the amount of their unpaid wages, their unpaid overtime premiums, as well as liquidated damages in an equal amount; and,

C. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
Michaela M. Calhoun (0093546)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Shannon M. Draher*
Shannon M. Draher
*Counsel for Plaintiff*